**Amur Equip. Fin., Inc. v DBMS Consulting, Inc.**

2025 NY Slip Op 32223(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 650064/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. MARY V. ROSADO** | **PART** **33M** |
| *Justice* | |

-----------------------------------------------------------------------X

AMUR EQUIPMENT FINANCE, INC.,

Plaintiff,

- v -

DBMS CONSULTING, INC., and SUNIL G. SINGH,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650064/2024 |
| **MOTION DATE** | 04/18/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for _____JUDGMENT - DEFAULT_____.

Upon the foregoing documents, and after a final submission date of May 5, 2025, Plaintiff Amur Equipment Finance, Inc.'s ("Plaintiff") motion for default judgment against Defendants DBMS Consulting, Inc. ("DBMS Consulting") and Sunil G. Singh ("Mr. Singh") (collectively "Defendants") is denied without prejudice. Mr. Singh's cross motion to consolidate this action with another action pending in this Court, bearing caption *Newtek Small Business Finance, LLC v. DBMS Consulting, Inc. et al*, Index No. 850623/2023 (the "*Newtek* Action") is denied.

As a preliminary matter, a corporation must appear by counsel (*see* CPLR 321). Therefore, Mr. Singh's attempt to appear *pro se* on behalf of DBMS Consulting is null. However, there is no prohibition against Mr. Singh appearing *pro se* for himself individually. Therefore, the Court will consider Mr. Singh's opposition and cross-motion filed on behalf of himself as an individually named Defendant.

Turning next to the merits of the motion for default judgment, the motion is denied as to Mr. Singh, who has appeared in this action prior to entry of default and has shown a willingness to defend himself. Although Mr. Singh's appearance in this matter is technically late, New York's

[* 1]

public policy favors trying cases on the merits rather than technicalities (*see Genao v Salcedo Maintenance Corp.*, 168 AD3d 528, 529 [1st Dept 2019] citing *Yea Soon Chung v Mid Queens LP*, 139 AD3d 490 [1st Dept 2016]). The motion is also denied without prejudice as to DBMS Consulting. Although the requirements of CPLR 3215 have been met, Mr. Singh has represented he is trying to find an attorney to appear on behalf of DBMS Consulting. Therefore, the Court grants Mr. Singh a 60-day extension to find an attorney for DBMS Consulting. If DBMS Consulting does not appear by attorney within sixty days from entry of this Decision and Order, Plaintiff may renew its motion for default judgment against DBMS Consulting.

Mr. Singh's cross motion to consolidate is denied. The *Newtek* Action, which is a foreclosure action, is already marked disposed and a default judgment was entered against Mr. Singh and DBMS Consulting. A referee's report has been confirmed and a foreclosure auction and sale has taken place. The difference in procedural posture between this action and the *Newtek* Action strongly weighs against consolidation (*see, e.g. Gillard v Reid*, 145 AD3d 446 [1st Dept 2016] [where actions are at completely different procedural postures consolidation is not appropriate]). Moreover, there is insufficient overlap of parties and issues. While both actions deal with debts allegedly owed by DBMS and Mr. Singh, the creditors, agreements, and guaranties at issue in the two actions are completely different (*see H.H. Robertson Co. v New York Convention Center Dev. Corp.*, 160 AD2d 524 [1st Dept 1990] [consolidation not justified where two actions involved different contracts, different parties, and different factual issues]). Therefore, the cross motion to consolidate is denied.

650064/2024  AMUR EQUIPMENT FINANCE, INC. vs. DBMS CONSULTING, INC. ET AL    Page 2 of 4
Motion No. 001

2 of 4

[* 2]

Accordingly, it is hereby,

ORDERED that Plaintiff Amur Equipment Finance, Inc.'s motion for default judgment against Defendant DBMS Consulting, Inc. is denied without prejudice, with leave to renew within sixty days if Defendant DBMS Consulting, Inc. does not appear via attorney; and it is further

ORDERED that Plaintiff Amur Equipment Finance, Inc.'s motion for default judgment against Defendant Sunil G. Singh is denied, and within sixty days of entry of this Decision and Order, Defendant Sunil G. Singh shall serve an Answer or otherwise respond to Plaintiff's Complaint. If Defendant Sunil G. Singh fails to timely serve an Answer or otherwise respond to Plaintiff's Complaint, Plaintiff Amur Equipment Finance, Inc. may renew its motion for default judgment against Defendant Sunil G. Singh; and it is further

ORDERED that Defendant Sunil G. Singh's cross motion to consolidate is denied; and it is further

ORDERED that the parties are directed to meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the parties submit the proposed preliminary conference order any later than September 3, 2025.[1] If the parties are unable to agree to a proposed preliminary conference order they shall notify the Court of the reason why a proposed order cannot be submitted, at which time the Court may schedule the parties for an in-person preliminary conference; and it is further

---

[1] This date is for the submission of a status conference order only. The parties are not to appear in-person for a conference.

650064/2024   AMUR EQUIPMENT FINANCE, INC. vs. DBMS CONSULTING, INC. ET AL
Motion No.  001

ORDERED that within ten days of entry, counsel for Plaintiff Amur Equipment Finance, Inc. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____6/23/2025_____
**DATE**

_____May V Rosado JSC_____
**HON. MARY V. ROSADO, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650064/2024   AMUR EQUIPMENT FINANCE, INC. vs. DBMS CONSULTING, INC. ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]